BAILES, Judge.
The appellant, Mrs. Marjorie P. Edwards Byrd, is the natural mother of four of the children made the subject of adoption proceedings before the court a quo. From a judgment pronouncing and decreeing the said children adopted by Maydee S. Edwards, the present wife of the natural father of the said children, the children’s natural mother appealed. We find the judgment appealed from fatally defective and remand the case for further proceedings not inconsistent with the law governing such cases.
This proceeding was instituted by Jesse Thornton Edwards, Sr., and Maydee S. Edwards, his present wife, by joint petition, in which each prayed that they be allowed to adopt the children of the other born of previous marriages. As no objection has been made to the judgment decreeing the adoption of the other children (those born of Maydee S. Edwards’ previous marriage) by Jesse Thornton Edwards, Sr., this matter is not before us and will not consider it.
The petition of Maydee S. Edwards alleges, among other material facts, that subject children were born as issue of the former marriage of her husband to Marjorie P. Edwards Byrd; that Jesse Thornton Edwards, Sr., consented to and approved the proposed adoption of these children, and that their natural mother, appellant herein, was an absentee.
The trial court appointed a curator ad hoc to represent the absent natural mother, appellant herein. Shortly after this appointment, appellant wrote a letter to the clerk of court, which letter is in the record before us, wherein she strenuously objected to the proposed adoption, and further stated that she would have an attorney represent her. The record discloses that no answer was filed in the proceedings either by the curator ad hoc or by an attorney of her choice.
A judgment was rendered and signed by the trial court, and thereafter for the first time, through counsel, appellant appeared in the proceedings by way of a petition styled “Petition for a Trial or re-hearing,” which was heard by the court a quo on a rule to show cause.' The trial court denied the motion for a new trial.
*738 We find the provisions of LSA-R.S. 9:422 are applicable. This statute provides :
“A single person over the age of twenty-one years, or a married couple jointly, may petition to adopt any child of his or their race. When one joint petitioner dies, proceedings may continue as though the survivor was a single original petitioner. If one of the spouses is the legitimate parent of the child to be adopted, the other spouse may adopt the child with the written consent of the legitimate parent who need not join in the petition nor be served with a copy thereof. A judgment of adoption awarded to one spouse shall not alter the relationship of the child to the spouse who is the legitimate parent.” (Emphasis by the Court)
As the appellant is a legitimate parent of the children whose adoption is sought by appellee, it is necessary that her consent be first obtained.
Adoption is a creature of the law and is only what the law makes it, and to establish the adoptive relation the statutory requirements must be strictly complied with, otherwise the act of adoption is a nullity. Except as provided in LSA-R.S. 9:422.1, there can be no adoption unless the consent of the natural parent is first obtained.
Appellee argues that appellant has not provided any support for the children and that she has thereby forfeited all rights to the children, and specifically under the provisions of LSA-R.S. 9:422.1 the consent of the appellant to the adoption is not necessary. The answer to this argument is that there is no evidence whatever in this record to justify the application of the provisions of the cited statute.
Accordingly, the judgment of adoption herein appealed from is reversed at ap-pellee’s costs.
Reversed.